**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS SALAN-PEREZ, | No. 11-72986 |
| Petitioner, | Agency No. A098-175-479 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Juan Carlos Salan-Perez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Salan-Perez does not challenge the agency's dispositive finding that his asylum claim is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

Even if credible, substantial evidence supports the BIA's finding that Salan-Perez failed to demonstrate he suffered past persecution in Guatemala. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel finding of past persecution); *Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). We reject Salan-Perez's contention that the BIA failed to give sufficient weight to his evidence. Substantial evidence also supports the BIA's determination Salan-Perez failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (claim failed where applicant remained in home country for over five

years after incident without further harm). Consequently, Salan-Perez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT protection because Salan-Perez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**